WILLIAM H. DOYLE and Another, Plaintiffs, *v.* HARRY A. GLEASON, as Executor, etc., of ELLA L. HICKEY, Deceased, and Others, Defendants.

Supreme Court, Cayuga County, September 7, 1934.

*Robert J. Burritt* [*Perry E. Leary* of counsel], for the plaintiffs.

*Edward T. Boyle,* for the defendants Harry A. Gleason, as executor, and another.

*Lionel O. Grossman,* for the defendants Margaret Hawelka and others.

*Arnold Blumberg,* for the defendants Anna Eliza Purdy Sullivan and another.

KENYON, J. This is a motion in which all the defendants join asking that the amended complaint be dismissed upon the following

grounds: *First,* that the facts set forth therein are not sufficient to constitute a cause of action; *second,* that the alleged agreement set forth therein, if made, is a contract to bequeath property or to make a testamentary provision, and that said contract, if made, was not in writing or subscribed by the party to be charged therewith, or by her lawful agent, and is, therefore, void, and *third,* that by reason of the fact that after the last will and testament of Ella L. Hickey, deceased, was duly probated each of the plaintiffs received and accepted a portion of the legacy bequeathed to each of them under said will and that by so doing they recognized the validity of a part of the will and are estopped from denying the validity of other portions or provisions of said will.

Ella L. Hickey died February 18, 1932, leaving as her only heirs at law and next of kin William H. Doyle and Clarence V. Doyle, the plaintiffs in this action. She left a last will and testament dated April 15, 1931, which was admitted to probate June 15, 1932.

The amended complaint alleges that the deceased during the year 1924 entered into an oral agreement with the plaintiffs, upon consideration of the plaintiffs and their brother, Arthur E. Doyle, now deceased, refraining from enforcing certain claims in their favor which, it is alleged, they had against Ella L. Hickey, and upon the further consideration of their agreement to accept a smaller amount in settlement of their uncle's estate, to make her will leaving all of her property to the plaintiffs or the survivors of them. It is further alleged that thereafter, and during the year 1924, the said Ella L. Hickey made a will carrying out said agreement; that thereafter Arthur E. Doyle died unmarried, and that in the year 1929, pursuant to such agreement, the said Ella L. Hickey made a second will for the purpose of carrying out the agreement, leaving out Arthur E. Doyle, and that for the same purpose she made a third will in the year 1930; that thereafter and on or about April 15, 1931, she made a fourth will which, it is alleged, violated the terms of the 1924 agreement above referred to, making various bequests to parties other than the plaintiffs. The new legatees were not heirs at law or next of kin of the deceased.

This action is brought upon the contract alleging damages by reason of the breach thereof and asking for a judgment directing specific performance of such contract.

The defendants' first contention is that the complaint should be dismissed upon the ground that it alleges an oral contract to bequeath property or make a testamentary disposition thereof which is void by reason of the provisions of section 31 of the Personal Property Law, as amended.

Section 31 of the Personal Property Law, in so far as it is of interest in this case, provides as follows:

" Agreements required to be in writing. Every agreement, promise or undertaking is void, unless it or some note of memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

" 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime. * * *

" 7. Is a contract to bequeath property or make a testamentary provision of any kind."

The defendants contend that this is a contract, the performance of which is not to be completed before the end of a lifetime. The amended complaint upon its face negatives this contention because during the year 1924, the same year in which the agreement is alleged to have been made, it is alleged that Ella L. Hickey executed her last will and testament in accordance with such agreement. The amended complaint further alleges that three times the said deceased made and executed her will in conformity to and in performance under such agreement.

The defendants contend that the action cannot be maintained because the contract, if made, was not in writing and is, therefore, barred by subdivision 7 of section 31 of the Personal Property Law as being a contract to bequeath property or make a testamentary provision. The contract antedated this provision of the statute.

The contract, if made, was valid at the time it was made. The defendants contend that subdivision 7 of section 31 of the Personal Property Law is retroactive. The theory urged in their brief is that it is a rule of evidence and not of substantive law. It would seem the distinction would not be beneficial to the defendants. If we are to assume that this subdivision is to be construed only as a rule of evidence, i. e., that it is remedial in its nature, it would still impair the obligation of the contract which when it was made was valid. No remedy would be left to the plaintiffs to enforce a contract valid at its inception. However, the language of the statute is that " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing," etc. That means that if it is in writing the contract is valid, but that if there be no writing or memorandum thereof that it is void. Clearly this would indicate that the question is one of substantive law.

If by the application of either interpretation the plaintiffs would be barred in the enforcement of a valid contract made previous to the enactment of the statute it would impair the obligation of the contract and would be unconstitutional under the United States Constitution, article 1, section 10.

The defendants further contend that the contract is void under the provisions of the Real Property Law, and that consequently the complaint must be dismissed. The court cannot pass upon this question because there is no proof before it that the deceased was possessed of any real property to which this alleged oral agreement would apply. The petition on file in the Surrogate's Court in Cayuga county states that the deceased died possessed of no real estate.

The defendants contend that by receiving and accepting certain payments from the executor the plaintiffs are estopped from denying the validity of other portions or provisions of the last will and testament of Ella L. Hickey. Plaintiffs are the sole heirs at law and next of kin of Ella L. Hickey. They were mentioned in the will as legatees. It is true that they have each received certain sums of money from the executor, not in excess of their legacies. A careful examination has been made of the cases which hold in effect that one who has accepted a benefit under a will cannot thereafter attack the validity of the will. The plaintiffs in this case by their cause of action as set forth in the amended complaint do not attack the validity of the will or of any of its provisions. They seek to recover for a breach of a contract made during the lifetime of the deceased due to her failure, after she had previously made and executed three wills in the performance of her part of the alleged agreement, to abide by the terms of the contract in the making of the fourth will. The cause of action is in contract only, and arose during the lifetime of the deceased. The fourth will itself is not attacked. There is no claim that the testator was not competent to make a will, or that it was obtained by undue influence, or that it is tainted with fraud.

Assuming that the plaintiffs had not been relatives of the deceased this action could have been maintained upon the theory of a breach of the contract. If the deceased violated the terms of her agreement whereby the plaintiffs then became invested with a right of action which could be maintained against her or her legal representatives, the relationship of debtor and creditor arose. The only relevancy at all of the provisions of this will is in fixing the amount of damages sustained by the plaintiffs, i. e., the status of the relationship of the deceased to the plaintiffs as creditors during her lifetime.

Therefore, it would not be proper at this time, as a matter of law, to hold that this action upon a contract based upon the relationship of debtor and creditor must be dismissed.

The defendants have set forth several other grounds upon which they ask to have the complaint dismissed. However, it would

seem that they are premature and their nature determinable only after hearing the evidence in the case, and do not furnish sufficient grounds upon which to dismiss the complaint as a matter of law.

The motion is, therefore, denied, with ten dollars costs to abide the event.

Settle order accordingly.